IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, )<br><br>Plaintiff, )<br><br>vs. )<br><br>MIGUEL RAMIREZ, et al, )<br><br>Defendants )<br>_____ )<br><br>MIGUEL RAMIREZ, et al., )<br><br>Third-Party )<br>Plaintiffs )<br><br>vs. )<br><br>PAMELA JONES, et al., )<br><br>Third-Party )<br>Defendants )| CIVIL NO. 08-00557 SOM/LEK<br><br>ORDER DENYING STATE DEFENDANTS' REQUEST (1) FOR RULE 54(b) CERTIFICATION OR (2) TO SET ASIDE SUMMARY JUDGMENT ORDER SO THAT THE INSURANCE COVERAGE ISSUE CAN BE CERTIFIED TO THE HAWAII SUPREME COURT |

ORDER DENYING STATE DEFENDANTS' REQUEST
(1) FOR RULE 54(b) CERTIFICATION OR
(2) TO SET ASIDE SUMMARY JUDGMENT ORDER SO THAT THE INSURANCE
COVERAGE ISSUE CAN BE CERTIFIED TO THE HAWAII SUPREME COURT

I.      INTRODUCTION.

        In this diversity action involving insurance coverage, this court decided that State Farm Fire and Casualty Insurance Company has no duty to defend or indemnify Miguel and Valerie Ramirez, lessees of state land, from claims made in state court by their neighbors, Thomas Grande and Kathleen Dowd.  On January 22, 2010, this court granted summary judgment in favor of the insurance company on this insurance coverage issue.  This order did not finally adjudicate all of the claims made in the action,

leaving for further adjudication the Ramirezes' third-party claims.  Also remaining are State Defendants' February 3, 2010, amended cross-claims against the Ramirezes.

On February 19, 2010, the Ramirezes appealed this court's summary judgment order.  About two months later, on April 15, 2010, the Ninth Circuit Court of Appeals ruled that the Ramirezes' appeal was premature and that the appellate court lacked jurisdiction over the appeal because this court's order of January 22, 2010, was not final or appealable.

On March 25, 2010, State Defendants moved for certification of the coverage ruling as final under Rule 54(b) of the Federal Rules of Civil Procedure or, alternatively, for an order vacating the summary judgment ruling and certifying the coverage issue to the Hawaii Supreme Court.  This motion (Docket No. 83) is denied.

II.   RULE 54(b) CERTIFICATION IS DENIED.

When multiple claims or parties are involved in an action, Rule 54(b) of the Federal Rules of Civil Procedure permits this court to direct the entry of a final judgment as to one or more but fewer than all of the claims or parties, provided that this court makes the express determination "that there is no just reason for delay."  Fed. R. Civ. Pro. 54(b).  The court has wide discretion in granting a Rule 54(b) motion and may exercise this power in view of judicial administrative interests as well

as the equities involved.  See Reiter v. Cooper, 507 U.S. 258,

265 (1993) (citations omitted); Cadillac Fairview/Cal., Inc. v.

United States, 41 F.3d 562, 563 n.1 (9th Cir. 1994) (per curiam)

("The present trend is toward greater deference to a district

court's decision to certify under Rule 54(b).") (citing Texaco,

Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991)).

On the one hand, there is no just reason for delay when

a Rule 54(b) movant's claims are factually and legally distinct

from those asserted by and against other parties in the

litigation, and the interests of fairness and justice favor the

immediate entry of final judgment in favor of the prevailing

party.  Id.  On the other hand, there is just reason for this

court to deny a Rule 54(b) motion when there is an

interrelationship between claims, such that the granting of the

Rule 54(b) motion would result in piecemeal appeals.  See

Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 9 (1980);

Wood v. GCC Bend, LLC, 422 F.3d 873, 883 (9th Cir. 2005).

State Defendants' motion contains no discussion of the

remaining claims in this case or of whether and how those claims

relate to the insurance coverage issue.  Instead, Rule 54(b)

certification appears to have been sought to rectify the

Ramirezes' premature appeal.  See Motion at 3 n.2 (Docket No. 83)

("An order containing a Rule 54(b) certification is sufficient to

validate a prematurely filed notice of appeal if neither party is

3

prejudiced.").   Because the Ninth Circuit appeal has already been

dismissed, and because State Defendants made no showing of why

Rule 54(b) certification is relevant, appropriate, or necessary,

the court denies the Rule 54(b) request.   In so ruling, this

court is disregarding the arguments made by State Defendants for

the first time in their reply.   See Local Rule 7.4 ("Any argument

raised for the first time in the reply shall be disregarded.").

These arguments should have been made in the original motion so

that any opposition to the motion could have addressed the

arguments.

III.      THE COURT DECLINES TO SET ASIDE ITS SUMMARY JUDGMENT
          ORDER OR TO CERTIFY THE INSURANCE COVERAGE ISSUE TO
          THE HAWAII SUPREME COURT.

          Only after this court decided the insurance coverage

issue against them did State Defendants ask this court to certify

the insurance coverage issue to the Hawaii Supreme Court.   State

Defendants had earlier argued that they were entitled to summary

judgment on the insurance coverage issue.   It is only because

they were unsuccessful that they seek certification.

Certification of the insurance coverage question to the Hawaii

Supreme Court is inappropriate under these circumstances.

          This court may certify a question to the Hawaii Supreme

Court when it concerns "law of Hawai'i that is determinative of

the cause and . . . there is no clear controlling precedent in

the Hawai'i judicial decisions . . . ."   Haw. R. App. P. 13(a).

However, this court has already made the decision that there is
sufficient law from Hawaii and other jurisdictions to predict how
the Hawaii Supreme Court would decide the insurance coverage
issue in this case.  See Helfand v. Gerson, 105 F.3d 530, 537
(9th Cir. 1997) (federal courts use their "best judgment to
predict how the Hawaii Supreme Court would decide this issue").

          The court notes that certification of a question of
state law to state courts is not obligatory and instead rests in
the sound discretion of this court.  Lehman Bros. v. Schein, 416
U.S. 386, 390-91 (1974); Louie v. United States, 776 F.2d 819,
824 (9th Cir. 1985) ("Use of the certification procedure in any
given case rests in the sound discretion of the federal court.")
(internal quotation omitted); Pai `Ohana v. United States, 875 F.
Supp. 680, 700 (D. Haw. 1995) ("The decision to certify a state
law question is within the sound discretion of the federal
district court"), aff'd 76 F.3d 280 (9th Cir. 1996).  This court
was able to predict how the Hawaii Supreme Court would decide the
insurance coverage issue, and State Defendants never suggested
the appropriateness of certification of the insurance coverage
issue to the Hawaii Supreme Court until they received an adverse
ruling.  Under these circumstances, this court exercises its
discretion and declines to certify the insurance coverage
question to the Hawaii Supreme Court.

IV.        CONCLUSION.

        For the reasons set forth above, the court denies State Defendants' motion seeking Rule 54(b) certification or an order setting aside the summary judgment order and certifying the insurance coverage issue to the Hawaii Supreme Court (Docket No. 83).  The court denies this motion without a hearing pursuant to Local Rule 7.2(d).

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, June 10, 2010.



                                          /s/ Susan Oki Mollway
                                         Susan Oki Mollway
                                         United States District Judge


State Farm Fire & Cas. Ins. Co. v. Ramirez, et al., CIVIL NO. 08-00557 SOM/LEK; ORDER DENYING STATE DEFENDANTS' REQUEST (1) FOR RULE 54(b) CERTIFICATION OR (2) TO SET ASIDE SUMMARY JUDGMENT ORDER SO THAT THE INSURANCE COVERAGE ISSUE CAN BE CERTIFIED TO THE HAWAII SUPREME COURT