IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>     vs.<br><br>MIGUEL RAMIREZ, et al,<br><br>          Defendants<br>_____<br>MIGUEL RAMIREZ, et al.,<br><br>          Third-Party<br>          Plaintiffs<br><br>     vs.<br><br>PAMELA JONES, et al.,<br><br>          Third-Party<br>          Defendants | CIVIL NO. 08-00557 SOM/LEK<br><br>ORDER VACATING "ORDER GRANTING STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT AND DENYING COUNTERMOTIONS FOR SUMMARY JUDGMENT" (FILED JANUARY 22, 2010); ORDER DISMISSING ACTION FOR LACK OF JURISDICTION |

ORDER VACATING "ORDER GRANTING STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT AND DENYING COUNTERMOTIONS FOR SUMMARY JUDGMENT" (FILED JANUARY 22, 2010); ORDER DISMISSING ACTION FOR LACK OF JURISDICTION

I.   INTRODUCTION.

As unfortunate as dismissal of this case at this late date may be, that is what this court must do given the absence of diversity jurisdiction. The court is mindful that State Defendants earlier admitted that this court did indeed have diversity jurisdiction, engaged in extensive litigation before this court and, only after receiving an adverse decision, raised lack of jurisdiction. However, because Defendant State of Hawaii

Department of Land and Natural Resources ("DLNR") is not a citizen for diversity purposes, this court lacks complete diversity and must vacate its earlier orders and dismiss this action.  See Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1092 (9th Cir. 2004) ("Finding that federal court diversity jurisdiction is lacking, we remand to the district court with directions to vacate its prior orders and dismiss the action.").

Although dismissal gives State Defendants the undeserved reward of a second bite at the proverbial apple, the court has no choice in this matter.  While the court declines to sanction State Defendants at this time, Plaintiff State Farm and Casualty Insurance Company may file an appropriate motion for sanctions.  The court expresses no inclination as to whether sanctions may or should issue.  The court encourages the parties to meet and confer in an effort to avoid any motion for sanctions.

II.     BACKGROUND.

This case involves a Declaratory Judgment Act claim purporting to fall under the court's diversity jurisdiction.  In its Complaint, State Farm alleges that this court "has original jurisdiction under the provisions of Title 28, United States Code, Section 1332, based upon complete diversity of the parties."  Complaint for Declaratory Relief ¶ 15, Dec. 9, 2008, ECF No. 1.  State Defendants admit in their Answer to the

Complaint that this court has complete diversity.  See Answer ¶ 2, Apr. 16, 2009, ECF No. 11 (admitting the diversity jurisdiction allegations contained in paragraph 15 of the Complaint).

Miguel and Valerie Ramirez, lessees of state land, were sued in state court by their neighbors, Thomas Grande and Kathleen Dowd.  State Defendants were also named in that action.  The major issue in the present federal case is whether Miguel and Valerie Ramirez have insurance covering the state-court action under a homeowner's insurance policy that named the State of Hawaii as an additional insured.  State Farm earlier moved for summary judgment, arguing that the homeowner's insurance policy did not cover the claims asserted in the state-court action.  See Motion for Summary Judgment, November 6, 2009, ECF No. 39.  State Defendants filed a counter motion for summary judgment, arguing that there was coverage under the policy.  See Counter Motion for Summary Judgment, November 27, 2009, ECF No. 49.  After a hearing on the motion, this court granted summary judgment in favor of State Farm, determining that State Farm owed no duty to defend or indemnify the Ramirezes or State Defendants under the insurance policy.  See Order Granting State Farm Fire and Casualty Company's Motion for Summary Judgment, Jan. 22, 2010, ECF No. 67.

Displeased with the court's order, State Defendants sought to have this court withdraw it and to certify an issue to

the Hawaii Supreme Court.  See Motion to Set Aside Order, Mar. 25, 2010, ECF No. 83.  After that motion was denied, and despite having admitted diversity of citizenship and extensively litigating matters before this court, State Defendants raised the argument that this court lacked diversity jurisdiction.

III.	ANALYSIS.

　　　A.	The Court Lacks Diversity Jurisdiction.

　　　The Federal Rules of Civil Procedure provide that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  It is well established that an "objection that a federal court lacks subject matter jurisdiction may be raised at any time, even after trial and the entry of judgment."  See Oregon v. Legal Servs. Corp., 552 F.3d 965, 968 (9th Cir. 2009).  Thus, even though this court has granted summary judgment against State Defendants, they may raise the issue of a lack of complete diversity.

　　　State Farm argues that this court should determine that diversity jurisdiction exists because State Defendants, having waived certain facts, should not be deemed to be an arm of the state under the five-factor test discussed below.  This court disagrees.  State Defendants cannot be said to have waived the factual predicate for complete diversity.  Nor can diversity jurisdiction be created by estoppel.

In <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365 (1978), James Kroger, a citizen of Iowa, was electrocuted. Kroger's estate filed a wrongful death action against the Omaha Public Power Company, a citizen of Nebraska, based on diversity jurisdiction. Omaha Public Power filed a third-party complaint against Owen Equipment and Erection Co. Kroger's estate then filed an amended complaint, adding Owen Equipment as a defendant and alleging that Owen Equipment was a citizen of Nebraska. Owen Equipment's answer admitted that it was a corporation organized and existing under the laws of Nebraska. The trial court granted summary judgment to Omaha Public Power, and the matter proceeded to trial with the estate and Owen Equipment as the only parties. On the third day of trial, Owen Equipment moved to dismiss the case, arguing that it was actually a citizen of Iowa, meaning that the parties were not diverse. The trial court denied the motion to dismiss, and the Eighth Circuit affirmed. <u>Id.</u> at 368-69.

The Supreme Court reversed, holding that, as there was not complete diversity, the district court had "lacked power to entertain the . . . lawsuit." <u>Id.</u> at 377 n.21. In so holding, the Supreme Court noted that the inequity of Owen Equipment's alleged concealment of its citizenship was irrelevant, as federal jurisdiction does not depend on the parties' prior actions or consent. <u>Id.</u> <u>Kroger</u> therefore teaches that, when diversity

jurisdiction is lacking, it cannot be created by the parties' actions (e.g., consent, collusion, waiver, and/or estoppel).

The Ninth Circuit has similarly noted that "federal jurisdiction cannot be created by the parties through waiver or estoppel, in cases in which jurisdiction otherwise does not exist." United States v. Ceja-Prado, 333 F.3d 1046, 1049 (9th Cir. 2003). Although Ceja-Prado involved a criminal case, it is instructive here. In Ceja-Prado, a young man was arrested and charged with a drug crime. The young man pled guilty, telling the judge that he was twenty-one years old. Id. at 1048. On appeal, the defendant represented to the Ninth Circuit that he had used his brother's identity in the district court because his brother had identification papers to work in the United States. The defendant told the Ninth Circuit that he was actually sixteen and had not told the district court his true age and identity because he feared the consequences of using his brother's identification. The defendant argued to the Ninth Circuit that the court lacked jurisdiction over him because he was a juvenile for whom no certification had been obtained pursuant to 18 U.S.C. § 5032. Id. at 1049.

The Ninth Circuit remanded the matter to the district court to determine the defendant's true age, reasoning that there were "serious questions" raised by the defendant with respect to the court's jurisdiction. Id. at 1050. Such a remand was

6

appropriate even though the defendant had either lied to the district court or was lying to the circuit court, as federal jurisdiction cannot be created through waiver or estoppel. Id. at 1049. Citing Schnabel v. Lui, 302 F.3d 1023 (9th Cir. 2002) and Albrecht v. Lund, 845 F.2d 193 (9th Cir. 1988), the Ninth Circuit recognized that there might be an exception in diversity cases when a losing party in a civil trial belatedly attacks diversity jurisdiction asserting new facts on appeal. See Ceja-Prado, 333 F.3d at 1051. However, those cases involved removed actions, and failure to contest facts alleged on removal may constitute admission of those facts. Schnabel and Albrect are therefore distinguishable, as the present case does not involve a removal.

Diversity jurisdiction is also distinguished from Eleventh Amendment immunity, which the Ninth Circuit views as sometimes waivable. See, e.g., Bliemeister v. Bliemeister, 296 F.3d 858, 862 (9th Cir. 2002); Hill v. Blind Indus. & Servs., 179 F.3d 754, 760 (1999), as amended by 201 F.3d 1186 (9th Cir. 2000). The Ninth Circuit itself has noted that a state's waiver of its Eleventh Amendment immunity does not create diversity of citizenship. See Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1192 (9th Cir. 1970). Because State Defendants raise "serious questions" about the existence of complete diversity, this court must determine whether any State Defendant

destroys diversity by not being a citizen diverse from Plaintiffs.

"There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction." <u>Moor v. County of Alameda</u>, 411 U.S. 693, 717 (1973). An "arm or alter ego of the State" is similarly not a "citizen" for diversity purposes. <u>Id.</u> However, a "political subdivision," such as a county, is a "citizen" for diversity purposes. <u>Id.</u> The issue before this court is whether any State Defendant is an "arm or alter ego of the State."

In the context of determining whether a party is an arm of a state for Eleventh Amendment purposes, the Ninth Circuit has stated:

> To determine whether a governmental agency is an arm of the state, the following factors must be examined: [1] whether a money judgment would be satisfied out of state funds, [2] whether the entity performs central governmental functions, [3] whether the entity may sue or be sued, [4] whether the entity has the power to take property in its own name or only the name of the state, and [5] the corporate status of the entity.

<u>Belanger v. Madera Unified Sch. Dist.</u>, 963 F.2d 250-51 (9th Cir. 1992) (citing <u>Mitchell v. Los Angeles Community College Dist.</u>, 861 F.2d 198, 201 (9th Cir. 1988)). This court has previously adopted this five-factor test to determine whether a governmental agency is an arm of the state for diversity purposes. <u>See</u> <u>State of Haw. Dep't of Transp. v. Ill. Union Ins. Co.</u>, 2010 WL 3156050

(D. Haw. Aug. 6, 2010); <u>Befitel v. Global Horizons, Inc.</u>, 461 F. Supp. 2d 1218, 1223 (D. Haw. 2006).

State Farm argues that the "arm of the state" analysis is inapplicable because this is a declaratory judgment action and does not involve a potential for a money judgment. State Farm contends that, absent the potential for a money judgment against a state, the inclusion of State Defendants does not destroy diversity. Rather, State Farm says, this court has original jurisdiction over the controversy between it and the Ramirezes and, once that jurisdiction is established, this court has pendent or ancillary jurisdiction over State Defendants that does not destroy diversity. This court disagrees. When State Farm filed the Complaint in this matter, the issue before this court was not simply whether there was insurance coverage available to the Ramirezes. State Farm asked for a declaration that it had no duty to defend or indemnify State Defendants under the applicable insurance policy as well. <u>See</u> Complaint for Declaratory Relief, Dec. 9. 2008, ECF No. 1. This is not a case involving pendent or ancillary jurisdiction.

1.  Whether a Money Judgment Would Be Satisfied out of State Funds.

Because this case involves the declaration of rights under an insurance policy, it will not directly involve a money judgment being satisfied out of state funds. Nevertheless, this factor weighs in favor of determining that a State Defendant is

9

an arm or agency of the State of Hawaii.  Although no evidence is before the court concerning whether the Windward Oahu Soil and Water Conservation District ("WOSWCD") might use state funds to settle a case or pay a judgment, the DLNR has received funds from the legislature to settle legal claims in unrelated matters. See, e.g., Act 98, Session Laws of Hawaii (25th Leg., 2010), ECF No. 122-3.  It is reasonable to assume the same would occur if the DLNR again settled or was found liable.

### 2. Whether the Entity Performs Central Governmental Functions.

Hawaii Revised Statutes section 26-15 charges the DLNR with managing and administering the public lands of Hawaii. Because this is a central governmental function, this factor weighs heavily in favor of viewing the DLNR as an arm of the State of Hawaii and therefore not a citizen for diversity purposes.

It is less clear whether WOSWCD performs a central government function.  Section 180-13 of Hawaii Revised Statutes merely states that WOSWCD has the power to:

> (1) Provide for and encourage surveys, investigations, and research relating to soil and water conservation, and publish and disseminate information concerning such subjects;
>
> (2) Provide for and encourage demonstrations relative to control and prevention of erosion and conservation of soil and water resources, and carry out preventive and control measures, on publicly owned lands within the

>    district with the consent of the agency
>    having jurisdiction thereof, and on other
>    lands with the consent of the occupier of the
>    lands;
>
>    (3) Cooperate or enter into agreements with,
>    and furnish financial or other aid, including
>    machinery, equipment, fertilizer, seeds, and
>    other material, to any agency or any occupier
>    of lands within the district, for carrying on
>    soil and water control conservation and
>    operations, subject to such conditions as the
>    directors may deem necessary;

      3.    <u>Whether the Entity May Sue or Be Sued.</u>

The DLNR and the WOSWCD are authorized to sue and be sued. <u>See</u> Haw. Rev. Stat. §§ 171-7(8) and 180-13(8). This factor weighs in favor of a ruling that they are citizens for diversity purposes. However, because the DLNR authorization allows the representation of the interests of the State, this factor, at best, weighs only slightly in favor of viewing the DLNR as a citizen for diversity purposes.

      4.    <u>Whether the Entity Has the Power to Take Property in its Own Name or Only in the Name of the State.</u>

Both the DLNR and the WOSWCD are authorized to acquire property. <u>See</u> Haw. Rev. Stat. §§ 171-30; 180-13(4). This factor therefore weighs in favor of a ruling that they are citizens for purposes of the diversity of citizenship analysis.

      5.    <u>The Corporate Status of the Entity.</u>

The Constitution of the State of Hawaii provides that "[a]ll executive and administrative offices, departments and

instrumentalities of the state government and their respective powers and duties shall be allocated by law among and within not more than twenty principal departments . . . ."  Haw. Const. Art. 5 § 6.  Hawaii law has established eighteen principal departments, one of which is the DLNR: "Under the supervision of the governor, all executive and administrative offices, departments, and instrumentalities of the state government and their respective functions, powers, and duties shall be allocated among and within the following principal departments that are hereby established: . . . (11) Department of land and natural resources. . . ."  Haw. Rev. Stat. § 26-4.

Because the Department of Land and Natural Resources is a division of a principal department of the State of Hawaii, as opposed to being a corporate body, this factors weighs heavily in favor of a finding that the DLNR is an arm of the State of Hawaii and thus not a citizen for diversity purposes.

6.   Balancing of the Factors.

On balance, the five factors clearly weigh in favor of treating the DLNR as an arm of the State of Hawaii for citizenship purposes.  Accordingly, this court rules that DLNR is not a citizen for diversity purposes.  The analysis with respect to the WOSWCD is a closer call, but this court need not make that determination, as the DLNR's status alone destroys complete diversity.

   B. <u>Dismissal of the Entire Action is Appropriate.</u>

  State Farm asks the court to dismiss the nondiverse parties, but keep the court's summary judgment order in place with respect to the Ramirezes. This court declines to do so. The cases cited by State Farm for the proposition that this court may dismiss a nondiverse party but proceed against diverse parties involve nondiverse parties that were not necessary. <u>See, e.g.</u>, <u>Safeco Ins. Co. v. City of White House, Tenn.</u>, 36 F.3d 540, 546 (6th Cir. 1994). Here, State Defendants are necessary or required parties, as the same contractual obligations run to the Ramirezes and to State Defendants with respect to defending and indemnifying them in the underlying state-court action. <u>See</u> <u>N.D. v. State of Hawaii, Dep't of Educ.</u>, 600 F.3d 1104, 1009 (9th Cir. 2010). Allowing State Farm to proceed with a declaratory action against the Ramirezes in this court and against State Defendants in state court would lead to the possibility of inconsistent results on the exact same issue and might impede State Defendants' ability to protect its interests because they would be unable to appeal this court's decision concerning the Ramirezes. Because complete relief cannot be granted without the presence of State Defendants, they are necessary parties. <u>See id.</u>.

      C.    The Court Declines to Entertain State Farm's
<u>Request for Sanctions in the Absence of a Motion.</u>

State Farm asks the court to condition dismissal of this action on State Defendant's payment of attorneys' fees and costs. The court declines to sanction State Defendants at this time. State Farm may file a separate motion seeking sanctions in compliance with court rules.

IV.    <u>CONCLUSION.</u>

Because complete diversity is lacking, this court vacates its earlier orders and dismisses this matter. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 29, 2010.



     /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

<u>State Farm Fire & Cas. Ins. Co. v. Ramirez, et al.</u>, CIVIL NO. 08-00557 SOM/LEK; ORDER VACATING "ORDER GRANTING STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT AND DENYING COUNTERMOTIONS FOR SUMMARY JUDGMENT" (FILED JANUARY 22, 2010); ORDER DISMISSING ACTION FOR LACK OF JURISDICTION