IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, | ) ) ) | CIVIL NO. 08-00557 SOM/LEK |
|---|---|---|
| Plaintiff, | ) ) | ORDER DENYING MOTION FOR SANCTIONS |
| vs. | ) ) | |
| MIGUEL RAMIREZ, et al, | ) ) | |
| Defendants | ) ) | |
| MIGUEL RAMIREZ, et al., | ) ) | |
| Third-Party Plaintiffs | ) ) ) | |
| vs. | ) ) | |
| PAMELA JONES, et al., | ) ) | |
| Third-Party Defendants | ) ) | |

ORDER DENYING MOTION FOR SANCTIONS

This case involves an unfortunate circumstance: no on recognized the lack of diversity jurisdiction until after the court had ruled on the merits of the underlying declaratory judgment claim. Plaintiff State Farm Fire and Casualty Company filed this action in this court, alleging diversity jurisdiction, and the State Defendants admitted such jurisdiction. Only after extensive litigation and an adverse ruling did the State Defendants raise lack of diversity jurisdiction. Because Defendant State of Hawaii Department of Land and Natural

Resources ("DLNR") is not a citizen for diversity purposes, this court lacked complete diversity. The court therefore vacated its previous orders and dismissed this action.

State Farm has asked this court to sanction the State Defendants under the court's inherent powers and pursuant to Basso v. Utah Power & Light Co., 495 F.2d 906 (10th Cir. 1974), a case involving sanctions issued under the court's inherent powers. State Farm has not requested sanctions under Rule 11 of the Federal Rules of Civil Procedure or under 28 U.S.C. § 1927.

As an initial matter, the court rejects the State Defendants' contention that, because the court lacks subject matter jurisdiction, the court lacks the inherent power to issue sanctions for bad faith conduct. In Willy v. Coastal Corporation, 503 U.S. 131, 137 (1992), the Supreme Court stated:

> A final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it. But such a determination does not automatically wipe out all proceedings had in the district court at a time when the district court operated under the misapprehension that it had jurisdiction.

Although Willy involved sanctions under Rule 11 of the Federal Rules of Civil Procedure, the Supreme Court broadly stated that "the maintenance of orderly procedure, even in the wake of a jurisdiction ruling later found to be mistaken--justifies the conclusion that the sanction ordered here need not be upset." Id. Because the sanction order involved the collateral issue of

whether an attorney had abused the judicial process and not the merits of the underlying action, the sanction order implicated "no constitutional concern." Id. at 138. In other words, the Supreme Court ruled that the district court had authority to issue a sanction order based on bad faith conduct because that order did not involve the merits of a "case or controversy" over which the court lacked jurisdiction. See id.

In Cooter & Gell v. Harmarx Corporation, 496 U.S. 384, 395 (1990), the Supreme Court recognized that federal courts may consider collateral issues even after an action is dismissed for lack of jurisdiction. Although Cooter involved the issuance of Rule 11 sanctions after an action had been voluntarily dismissed, it teaches that a court may adjudicate collateral issues involving the bad faith of a party even after a case has been terminated. Given Willy and Cooter, this court concludes that it may adjudicate State Farm's motion for sanctions under its inherent power even though it lacks subject matter jurisdiction over the underlying Complaint.

The Ninth Circuit has examined sanctions under the court's inherent power, ruling that such sanctions require a determination of bad faith or conduct tantamount to bad faith. See Fink v. Gomez, 239 F.3d 989, 991-94 (9th Cir. 2001). The Ninth Circuit says that inherent power sanctions may issue when a party acts "in bad faith, vexatiously, wantonly, or for

oppressive reasons" and that sanctions may issue against an attorney who "willfully abuse[s] judicial processes." Id. at 991 (citation omitted). The inherent power to sanction covers "a broad range of willful improper conduct", including a party's assertion of a colorable claim for an improper purpose. Id. at 992. The Ninth Circuit cautions that inherent power sanctions should not issue for "inadvertent" conduct such as an oversight or ordinary negligence. Id. at 993. However, the court may issue inherent power sanctions when there is reckless conduct "combined with an additional factor such as frivolousness, harassment, or an improper purpose."

Nothing in the record suggests bad faith conduct on the part of the State Defendants. To the contrary, counsel for the State Defendants has submitted a declaration indicating that only after the court issued its summary judgment order did he realize that a state entity was not always automatically a citizen for purposes of diversity jurisdiction. Counsel stated that he needed to research this issue. See ECF No. 145-1 ¶¶ 3-5, Jan. 10, 2011. Counsel states that, in hindsight, he should have focused on the lack of jurisdiction earlier, but did not. Id. ¶ 8. The court does not find the State Defendants' counsel to have acted in bad faith or to have been motivated by any improper purpose. At worst, counsel overlooked a legal issue. Indeed, counsel for the State Defendants acted similarly to counsel for

4

State Farm. Neither was aware that a state is not a citizen for diversity purposes. State Farm is as much at fault as the State Defendants, as State Farm filed this action in this court, alleging that diversity jurisdiction existed. Under these circumstances, sanctions are not appropriate under the court's inherent power. The motion for sanctions is denied without a hearing pursuant to Local Rule 7.2(d).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 24, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

State Farm Fire & Cas. Ins. Co. v. Ramirez, et al., CIVIL NO. 08-00557 SOM/LEK; ORDER DENYING MOTION FOR SANCTIONS